# IN THE SUPREME COURT OF TEXAS

═══════════

No. 18-0431

═══════════

TARRANT COUNTY, TEXAS, PETITIONER,

v.

RODERICK LYDELL BONNER, RESPONDENT

───────────────────────
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS
───────────────────────

JUSTICE BOYD, concurring.

I agree with the Court that (1) Bonner's claims arise from the County's conduct "in connection with" an inmate treatment activity and (2) no evidence exists that the County acted intentionally, with willful or wanton negligence, or with conscious indifference or reckless disregard for the safety of others. *See* TEX. CRIM. PROC. CODE § 42.20(a); TEX. GOV'T CODE § 497.096. But I do not agree that (1) conscious indifference is "the same as" gross negligence or (2) a person cannot be consciously indifferent to a risk that is less than "extreme." *Ante* at __; *see Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 21 (Tex. 1994) (explaining that for gross negligence to exist, "the defendant must be 'consciously indifferent' *and* his or her conduct must 'create an extreme degree of risk'") (emphasis added) (quoting *Williams v. Steves Indus., Inc.*, 699 S.W.2d 570, 573 (Tex. 1985)).[1] And I would not address whether the Tort Claims Act waives the County's

───────────

[1] *See also* TEX. CIV. PRAC. & REM. CODE § 41.001(11) (defining gross negligence as an act or omission that (1) objectively "involves an extreme degree of risk" *and* (2) the actor proceeds to perform "with conscious indifference" despite an "actual, subjective awareness of the risk").

immunity from a claim based on the County storing the chair in the multipurpose room because (as the Court explains) Bonner does not assert that claim. *Ante* at __. I respectfully concur in the Court's judgment.

_____
Jeffrey S. Boyd
Justice

Opinion delivered: May 24, 2019